HYDE *vs.* BROWN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The signature of a note must be expressly denied.

Interest on interest cannot be given.

This was an action brought by the payee against the drawers of a promissory note, on which several payments had been made. By the terms of the note, interest accrued at eight per centum, after the specified period for payment. The defendants plead separately. Brown filed a general denial to the plaintiff's allegations. Barney admitted the signature of the note, alleged that its consideration was certain merchandise purchased of plaintiff, which had passed into Brown's possession, and for which Brown had not accounted with him, and prayed a separate trial by jury.

The court rendered a judgment against Brown, and a new trial was granted on the ground, that while the trial of a previous case was going on, his counsel stepped down into the Criminal Court, and no notice was there given to his counsel when his cause was called and tried. On the second trial judgment was again rendered against Brown, from which he appealed.

*Wharton,* for appellant.

*Carleton* and *Lockett,* for appellee, contended :

That the judgment of the court below is correct from the evidence introduced; that the appeal was taken for delay, and that ten per centum damages should be awarded.

PORTER, J. delivered the opinion of the court.

This is an action by the payee of a promissory note against the maker. There was judgment in the court below in favor of the plaintiff, and the defendant appealed.

The signature
of a note must be
expressly denied.

Interest on in-
terest cannot be
given.

The execution of the note is not put at issue. The general denial is alone pleaded, but under the 324th and 326th *Articles of the Code of Practice,* the denial of the signature must be express. See the case of *Hughes* vs. *Harrison and wife,* 8 *N. S.* 297.

But there is error in the judgment below. The balance due on the note is three hundred and seventy-eight dollars and fifty-four cents. On this, interest is calculated up to the time of rendering judgment, and the defendant is decreed to pay interest on the whole amount until paid; which is giving interest on interest.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed; and it is further adjudged and decreed, that the plaintiff do recover of the defendant and appellant, the sum of three hundred and seventy-eight dollars and fifty-four cents, with interest at eight per cent., from the 11th October, 1830, until paid, with costs in the court below. Those of appeal, to be paid by the appellee.